Matter of O'Leary (2022 NY Slip Op 02545)

Matter of O'Leary

2022 NY Slip Op 02545

Decided on April 20, 2022

Appellate Division, Second Department

Per Curiam.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
COLLEEN D. DUFFY
BETSY BARROS
CHERYL E. CHAMBERS, JJ.

2021-08479

[*1]In the Matter of Sean O'Leary, an attorney and counselor-at-law. Grievance Committee for the Tenth Judicial District, petitioner; Sean O'Leary, respondent. (Attorney Registration No. 2027027.)

DISCIPLINARY PROCEEDING instituted by the Grievance Committee for the Tenth Judicial District. The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 7, 1986.

Catherine A. Sheridan, Hauppauge, NY (Rachel Merker of counsel), for petitioner.

PER CURIAM.

OPINION & ORDER
The Grievance Committee for the Tenth
Judicial District served the respondent on November 23, 2021, upon consent, by mail and by email, with a notice of petition and a verified petition, both dated November 22, 2021, and duly filed those papers with this Court together with an affidavit of service.
The petition contains 19 charges of professional misconduct alleging that the respondent failed to comply with his client's reasonable requests for information; failed to keep his client reasonably informed about the status of the matter; engaged in conduct prejudicial to the administration of justice by failing to file retainer and closing statements with the New York State Office of Court Administration; failed to promptly pay or deliver to his client, as requested, funds in his possession that his client was entitled to receive; neglected his client's matter; failed to seek the appointment of a guardian ad litem, conservator or guardian; failed to promptly inform his client of material developments in the matter; engaged in conduct involving dishonesty, fraud, deceit, or misrepresentation; engaged in conduct that is prejudicial to the administration of justice by failing to cooperate with the Grievance Committee in its investigations of four complaints of professional misconduct; and engaged in conduct that adversely reflects on the lawyer's fitness as a lawyer—in violation of rules 1.3(b), 1.4(a)(1)(iii) and (3) and (4), 1.14, 1.15(c)(4), 8.4(c), (d) and (h) of the Rules of Professional Conduct (22 NYCRR 1200.0), respectively.
The notice of petition directed the respondent to serve and file his answer to the verified petition within 20 days after service upon him of the notice of petition and the verified petition. To date, the respondent has neither served nor filed an answer to the verified petition, as directed.
The Grievance Committee now moves to deem the charges against the respondent established based upon his default and to impose such discipline upon him as this Court deems appropriate. Although the motion papers were served by mail and email on the respondent, upon consent, on December 17, 2021, he has neither opposed that motion nor interposed any response [*2]thereto.
By separate motion, the Grievance Committee moves, inter alia, to immediately suspend the respondent from the practice of law pursuant to 22 NYCRR 1240.9(a)(1), (3) and (4), upon a finding that he is guilty of professional misconduct immediately threatening the public interest. To date, the respondent has neither opposed that motion nor interposed any response thereto.
Accordingly, the Grievance Committee's motion to deem the charges against the respondent established based upon his default is granted, the charges in the verified petition dated November 22, 2021, are deemed established, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law. The separate motion seeking, inter alia, to immediately suspend the respondent from the practice of law is denied as academic.
LASALLE, P.J., DILLON, DUFFY, BARROS and CHAMBERS, JJ., concur.
ORDERED that the motion of the Grievance Committee for the Tenth Judicial District to deem the charges in the verified petition dated November 22, 2021, established is granted, and the Grievance Committee's separate motion, inter alia, to immediately suspend the respondent, Sean O'Leary, from the practice of law is denied as academic; and it is further,
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Sean O'Leary, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Sean O'Leary , shall comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Sean O'Leary, is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Sean O'Leary, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Maria T. Fasulo
Clerk of the Court